CARROLL.

---

## LUNT v. PHILBRICK.

In an action by a father for the seduction of his daughter, the plaintiff, under a count setting up generally loss of the daughter's service, may recover compensation for his mental suffering caused by the defendant's act.

CASE, for seduction of the plaintiff's daughter, and getting her with child, *per quod servitium amisit.*

After the evidence was closed, the plaintiff was permitted to amend his declaration by adding, after the allegation of loss of service and expenditure of money for nursing and medical attention, the words " and was otherwise wronged and injured." To this amendment the defendant excepted. The defendant requested the court to instruct the jury,—

"1. That no punitive, vindictive, or exemplary damages can be awarded the plaintiff under the allegations in this writ.

"2. That only actual damages, for loss of service and expense incurred, are claimed by the declaration and can be awarded in this action; that no claims for compensation for wounded feelings are included in the declaration, and that no damages can be awarded for that cause."

The court instructed the jury as follows: "Damages are awarded as compensation for a loss or an injury sustained, and actual damages only can be awarded. Under our practice, what is called exemplary damages, that is, damages by way of example, and not as compensation; punitory damages, that is, damages by way of punishment in the nature of a fine; and vindictive damages, that is, damages of a vindictive or revengeful character, cannot be recovered in a civil action.

"But in a case of this character, a case of seduction, the paternal feelings are properly taken into consideration in estimating the actual damage which the plaintiff has sustained. Therefore the amount of compensation which the plaintiff may recover is not limited to the precise value of his daughter's labor at so many dollars a week, nor to the money expended for nursing and doctoring. The plaintiff cannot recover the probable expense of supporting the illegitimate child, nor any damages belonging to the daughter on account of any breach of promise of marriage;—but if the defendant maintained such relations with Margarett as induced her reasonably to believe that he intended to marry her; if he held out such expectations to her father, and induced him reasonably to believe he intended to marry the daughter; and if in these circumstances he seduced her and got her with child,—you may consider the insult done to the plaintiff in the abuse of his hospitality and the betrayal of his confidence, and compensate him for this insult and for the injury to his wounded and mortified feelings, on account of the disgrace thus cast upon his family. It is for you to say, if you find the defendant guilty, what, in all the circumstances of this case, is a reasonable compensation to be given the plaintiff."

To the instructions given, and to the refusal to give those requested, the defendant excepted.

DOE, C. J. General damages are such as may be presumed to result necessarily from the wrong complained of. The plaintiff's suffering from wounded feelings, including a sense of personal and family disgrace, being inferred as a natural and necessary consequence of the seduction of his daughter, a special averment of such damage is unnecessary.

*Judgment on the verdict.*

FOSTER, J., did not sit: the others concurred.